GEO. W. SWINK *et al. v.* E. A. FRENCH, Administratrix.

EVIDENCE. *Pedigree. Proved by reputation or hearsay.* Time of birth, as a matter of pedigree, may be proved by reputation or hearsay, without producing the family register, if one exist.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county.    J. O. PIERCE, J.

GREER & ADAMS and HARRIS & TURLEY for Swink.

E. J. & J. C. READ and METCALF & WALKER for French.

COOPER, J., delivered the opinion of the court.

This is the same case reported, under the style of *Olivia Taylor et al.* v. *James H. French and John Harbert*, in 2 Lea, 257. The two plaintiffs have since then married and the defendants have both died, the suit being revived against their personal representatives.

Upon application of the defendants, there was, by order of the court, a severance in the trial. The record in the present case contains the result of the trial against the administratrix of French, the verdict and judgment being in favor of the defendant, and the plaintiffs appealing in error.

The action is upon two promissory notes in which James H. French was an endorser, and the object of the plaintiffs was to show to the satisfaction of the jury that he had made himself more absolutely liable than as an ordinary endorser. For this purpose, the plaintiffs introduced testimony tending to show that he had bound himself as a surety or guarantor. The defendant then introduced evidence tending to show a contract between the makers of the notes and the original plaintiffs for an extension of the time of payment for one year after the maturity of the paper without the knowledge of French. To meet this evidence the plaintiffs undertook to prove that at the time of the alleged contract of extension, June 1, 1871, Olivia

Swink, formerly Olivia Taylor, was under the age of twenty-one years. They introduced the husband, Geo. W. Swink, who testified that his wife was born on July 17, 1850, that she had recently died, and that he was the administrator of her estate. He knew his wife's age, he said, from the entry in the family bible, the bible being then in the possession of another member of the family, in another county than the county in which the trial was being had. The witness further testified that his wife had told him the date of her birth, and he gave the date, July 17, 1850, from that source of information, as well as having seen the entry in the family bible. The trial judge, upon objection of the defendant, excluded this evidence.

Pedigree, by which is meant the lineage, descent or succession of families, all the authorities agree, may be proved by reputation or what is commonly called hearsay. And pedigree, the authorities equally agree, embraces not only descent and relationship, but also the facts of birth, marriage and death, and the times when these events happened: 1 Gr. Ev., sec. 104; 1 Whart. Ev., sec. 208. And the existence of a family register does not exclude proof of declarations of deceased members of the family: *Clements* v. *Hunt*, 1 Jones, 400. For an entry in such a register is only a declaration of the parent or relation who made it in the matter of pedigree: 1 Gr. Ev., sec. 104. Such evidence is admissible whenever any question of pedigree, as above defined, arises in the progress of a cause. In ejectment, the relationship and death without issue of certain persons were allowed to be proved

Swink v. French.

by reputation: *Flowers* v. *Haralson*, 6 Yer., 494. So, of relationship upon an issue of *devisavit vel non: Ford* v. *Ford*, 7 Hum., 92. So, on a trial for incest: *Ewell* v. *State*, 6 Yer., 364. In the case of *Vaughan* v. *Phebe*, M. & Y., 5, it was conceded by counsel and by the court that it was admissible to prove in this way the time, but not the place of birth. And in *Saunders* v. *Fuller*, 4 Hum., 516, it was expressly decided, in an action of ejectment, that the period of the death of an ancestor, as well as his relationship, might be proved by reputation or hearsay. It has also been held that there are no grades in the admissibility of such evidence, but that the testimony of living members of the family, and the hearsay of its deceased members are entitled to more weight than the testimony and hearsay of persons unconnected with the family: *Saunders* v. *Fuller*, 4 Hum., 516.

His Honor, the trial judge, erred therefore, in excluding the testimony under consideration. And the judgment must be reversed, and the cause remanded for another trial.